UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,

v.

D-1  Jamar Joplin,

                Defendant.

Case No. 21-cr-20533

Honorable Terrence G. Berg

## Stipulated Preliminary Order of Forfeiture

Plaintiff, by and through its undersigned attorney, together with the defendant, Jamar Joplin, by and through his attorney David M. Burgess, (collectively, "the Parties"), submit this Stipulated Preliminary Order of Forfeiture to the Court for immediate entry, and stipulate and agree to the following:

On August 18, 2021, an Indictment was filed charging the defendant with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 10).

On March 30, 2022, the defendant entered into a Rule 11 Plea Agreement (Rule 11), and pleaded guilty to Count 1 of the Indictment, charging him with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 26).

In the Rule 11, the defendant agreed to forfeit to the United States, pursuant

to 18 U.S.C. § 924(d) the following firearm involved in the violation: One (1) Zastava Arms Model: ZPAP92, 7.62 caliber AK pistol, Serial Number: Z92-077869 ("Subject Firearm"). (ECF No. 26, PageID.10).

Additional property subject to forfeiture, pursuant to 18 U.S.C. § 924(d), includes the following ammunition:

- Ammunition, Assorted Quantity 13, CAL:45 and
- Ammunition, Assorted Quantity 27, CAL:762

("Subject Ammunition").

The defendant further agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following his guilty plea, upon application by the United States at, or any time before, his sentencing in this case. (ECF No. 26, PageID.10-11).

In his Rule 11, the defendant knowingly, voluntarily, and intelligently waived any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. *Id.* He further acknowledged that he understood that the forfeiture of assets is part of the sentence that may be imposed in this case and waived his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 1l(b)(l)(J). *Id.* The defendant also expressly waived his right to have a jury determine

the forfeitability of his interest in the above identified firearm as provided by Federal Rules of Criminal Procedure 32.2(b)(5). *Id.*

In entering into this Stipulation with respect to forfeiture, the defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture, and agrees that this Order shall become final as to the defendant at entry.  The defendant's counsel, David M. Burgess, affirms that he has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Order of Forfeiture.

Based on the defendant's guilty plea and Rule 11, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 924(d)(1) together with 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, **IT IS HEREBY ORDERED THAT:**

1. The Subject Firearm and Ammunition **ARE HEREBY FORFEITED** to the United States pursuant to 18 U.S.C. § 924(d)(1) together with 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2 for disposition according to law, and any right, title and interest of Defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Firearm and Ammunition are **HEREBY AND FOREVER EXTINGUISHED**.

2. Upon entry of this order, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Firearm and Ammunition in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Firearm and Ammunition may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Firearm and Ammunition. The petition must identify petitioner's alleged right, title, or interest in the Subject Firearm and Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Firearm and Ammunition, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Firearm and Ammunition.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order shall become final as to the defendant at sentencing. If no third party files a timely

claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Agreed as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| s/ Cassandra M. Resposo | s/ David M. Burgess (with Consent) |
| CASSANDRA M. RESPOSO | DAVID M. BURGESS, ESQ. |
| Assistant U.S. Attorney | Attorney for Defendant |
| U.S. Attorney's Office | 1360 Porter Street, Suite 260 |
| 211 W. Fort Street, Ste. 2001 | Dearborn, MI 48124 |
| Detroit, MI 48226 | Phone: (313) 961-4382 |
| Phone: (313) 226-9736 | david29_1999@yahoo.com |
| Cassandra.resposo@usdoj.gov | P-58557 |
| Illinois Bar No. 6302830 | |
| Dated: July 25, 2022 | Dated: July 25, 2022 |

*******************************************

**IT IS SO ORDERED.**

Dated: July 26, 2022

**/s/Terrence G. Berg**
Hon. Terrence G. Berg
United States District Judge